# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

COURT FILE NO.: _____

| | |
|---|---|
| Sadie Hill<br>1315 Franklin Avenue<br>Cincinnati, OH 45237-5905<br><br>   Plaintiff,<br>v.<br><br>Client Services, Inc.<br>3451 Harry S. Truman Blvd.<br>St. Charles, MO 63301<br><br>and<br><br>Boulder Credit Services, Inc.<br>PO Box 1259<br>Troy, MI 48099-1259<br><br><br>   Defendant(s). | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff personal and financial privacy by this Defendants and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4. Plaintiff Sadie Hill is a natural person who resides in the City of Cincinnati, County of Hamilton, State of Ohio and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Client Services, Inc. is a collection agency operating from an address of 3451 Harry S. Truman Boulevard, St. Charles, Missouri 63301 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Boulder Credit Services, Inc. is a collection agency operating from an address of PO Box 1259, Troy, MI 48099-1259 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

7. Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an account with US Bank, account ending in 4325.

8. On or about May 28, 2008, with The Palmer Firm acting as her agent, Plaintiff reached an agreement with Defendant Client Services, Inc. to settle the debt for $730.00. Under the terms of this agreement, the $730.00 had to be paid by June 7, 2008. A copy of a letter evidencing this agreement is attached as Exhibit "A".

9. On or about May 30, 2008, The Palmer Firm issued a check by phone in the amount of $730.00 to Client Services, Inc. A copy of said check is attached hereto as Exhibit "B".

10. The Palmer firm's bank account shows that the check was cashed and cleared its account on June 3, 2008. A copy of a redacted bank statements showing the date the check cleared is attached as Exhibit "C".

11. On or around February 27, 2009 Defendant Boulder Credit Services, Inc. sent Plaintiff a letter referencing the debt in an effort to collect that debt from Plaintiff. A copy of said letter is attached hereto as Exhibit "D".

12. The above-described collection communication made to Plaintiff by Defendants and other collection employees employed by Defendants was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692c(5).

13. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to these Plaintiffs.

14. Defendants illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary personal strain.

15. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## **TRIAL BY JURY**

16. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST ALL DEFENDANTS
### 15 U.S.C. § 1692 et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA.

19. Defendant Boulder Credit Services, Inc.'s actions violated the FDCPA including, but are not limited to, the following:

   (a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law. 15 U.S.C. § 1692f(1).

20. Defendant Client Services, Inc.'s actions violated the FDCPA including, but are not limited to, the following:

   (a) making a false representation of the character, amount, or legal status of any debt. 15 USC 1692(e)(2)(a).

   (b) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 USC 1692(e)(10).

21. As a proximate result of the above-mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

22.  As a result of Defendants violations of the Fair Debt Collection Practices Act, Plaintiff is entitled to statutory damages and reasonable attorney's fees and costs from Defendants herein.

23.  As a result of each and every Defendants violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## SECOND CAUSE OF ACTION

(Breach of Contract – Against Client Services, Inc.)

24. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 23 above as though fully set forth herein.

25.  On or around May 28, 2008, an agreement was reached between Plaintiff and Defendant Client Services, Inc. in which Client Services, Inc. would consider the Plaintiff's account settled upon the receipt of a payment in the amount of $730.00.

26.  Plaintiff has fully performed all conditions, covenants, and promises to be performed under the agreement.

27.   Defendant Client Services, Inc. breached the contract with Plaintiff by transferring this account to Defendant Boulder Credit Services, Inc. even though the account was already satisfied by Plaintiff.

28.   As a proximate result of the breach, as herein alleged, Plaintiff has been damaged in an amount according to damages proved in this matter.

## THIRD CAUSE OF ACTION

(Negligence against all Defendants)

29. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 28 above as though fully set forth herein.

30. Defendants owed a duty of care to Plaintiff to not pursue collection of an account that had already been settled in full.

31. Defendant Client Services, Inc. breached that duty by transferring an account to Defendant Boulder Credit Services, Inc. when that account has already been satisfied by Plaintiff. Defendant Boulder Credit Services, Inc. breached that duty to Plaintiff by pursuing an already satisfied account and by not taking steps to determine if this account had already been satisfied.

32. As a proximate result of the breach by Defendants, as herein alleged, Plaintiff has been damaged in an amount according to damages proved in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

                                              Respectfully submitted,

Dated: October 21, 2009                  **Vidmar and Hardesty, Ltd.**

                                              By:  /s/ Christian Hardesty
                                              Christian Hardesty
                                              Attorney I.D.#0078289
                                              1971 West Fifth Avenue, Suite 4
                                              Columbus, OH 43212
                                              Telephone:  (614) 543-0369
                                              Facsimile: (614) 543-1306

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF OHIO )
                              ) ss
COUNTY OF HAMILTON )

Plaintiff, Sadie Hill, having first been duly sworn and upon oath, deposes and states as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions, if any, made by my attorney, where appropriate, I have not altered, changed, modified, or fabricated these exhibits.

                                                /s/ Sadie Hill
                                                Sadie Hill